**Mohammad ALI, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–73686.

United States Court of Appeals, Ninth Circuit.

Submitted April 1, 2004.*

Decided April 15, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Garish Sarin, Esq., Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Anthony P. Nicastro, Esq., DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before: D.W. NELSON, FERNANDEZ, and KLEINFELD, Circuit Judges.

## MEMORANDUM **

Mohammad Ali, a native and citizen of Pakistan, petitions for review of the Board of Immigration Appeals' summary affirmance of the order by the Immigration Judge (IJ) denying Ali's application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture.

Ali, a member of the Muslim League Party, asserts that he was arrested, falsely accused of treason and being an agent for the Indian Secret Service, detained, and imprisoned. On appeal, Ali claims that (1) substantial evidence does not support the IJ's adverse credibility determination and (2) he was persecuted by the Pakistani government when he was allegedly prosecuted without being provided any written charges, police reports, or the opportunity to present evidence in a court of law. Because substantial evidence supports the IJ's adverse credibility determination and Ali offers no further proof of persecution aside from his own discredited testimony, we affirm.

We afford great deference to an IJ's adverse credibility finding, applying the "substantial evidence test." *See Valderrama v. INS,* 260 F.3d 1083, 1085 (9th Cir. 2001). We must uphold the IJ's credibility determination if such a determination is supported by "reasonable, substantial, and probative evidence." *Id.* (internal quotation marks omitted). The IJ must offer "a specific, cogent reason for any stated disbelief." *Id.* (internal quotation marks omitted).

■ Here, the IJ offered specific, cogent reasons for his adverse credibility finding, pointing to numerous inconsistencies in Ali's testimony. In particular, the IJ noted that Ali frequently evaded questions, provided conflicting accounts of his arrests and detentions, submitted "suspect" documents, and omitted key factual assertions from his asylum application. These observations are amply supported by the record.

■ Since Ali's claims of persecution are based entirely on his testimony, and such testimony was not credible, we do not reach the issue of whether the Pakistani government's alleged actions against Ali would have constituted persecution. *See id.* (where the adverse credibility finding "goes to the heart of" petitioner's asylum claim, no further inquiry into petitioner's remaining claims is necessary).

■ Because Ali failed to establish eligibility for asylum, he *a fortiori* failed to demonstrate entitlement to withholding of deportation under the more stringent "clear probability" standard for withholding of removal. *See Rebollo–Jovel v. INS,* 794 F.2d 441, 448 (9th Cir.1986).

Ali also argued before the IJ that he was entitled to relief under Article 3 of the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"), opened for signature Feb. 4, 1985, S. Treaty Doc. No. 100–20, at 20 (1988). The IJ summarily dismissed this claim. Since Ali failed to adequately brief this claim on appeal, we deem it waived. *See Greenwood v. FAA,* 28 F.3d 971, 977 (9th Cir.1994).

PETITION DENIED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.